JOSÉ FRANCISCO PONS, Petitioner and Appellant, *v.* HÉCTOR L. SCHMIDT, in his capacity as DIRECTOR OF THE CONSUMERS SERVICE ADMINISTRATION, Respondent and Appellee.

No. O-70-36.     Decided January 13, 1971.

Otero-Suro & Otero Suro and *Rodrigo Otero Bigles* for petitioner. *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Zequeira, Darío Padín Mimoso*, and *Aurelio Emanuelli Belaval* for intervener Super Garage and Junker Tito. *Mercedes Dolz Pérez, James G. Shine, Tadeo Negrón Medero, María García Chapero, Wilfredo López Irizarry*, and *Henry Schmer* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellee, by means of procedure in effect, reduced the rental, from $180 monthly agreed upon between petitioner and intervener, to $11.70 monthly for the parcel of 6,400 square meters of a property belonging to petitioner, situated at the old road from Río Piedras to Caguas, where intervener had established a business for the purchase and sale and storage of automobiles, other vehicles and accessories. For the purpose of establishing the new rental of $11.70 monthly, appellee used as basis the assessed value of said property for tax purposes which was the amount of $1,580 carried to 100%, the maximum rent not to exceed 8% of such assessed value (17 L.P.R.A. § 186(g)(1)). The Superior Court, San Juan Part, affirmed this determination of appellee as it understood that the property in question was not a rural property.

In support of this appeal petitioner assigns that (1) the property in question was a rural property and, therefore, appellee lacked jurisdiction to control the lease thereof; (2) assuming that he had jurisdiction over said property,

appellee fixed an unreasonably low rental when petitioner pays approximately $4.50 monthly for taxes on said property.

The provisions of the Reasonable Rents Act apply to rental property which includes buildings, rooms, apartments, or any part thereof, regardless of their use, and lots for any purpose. The rental properties located on, and the lots which are part of rural properties, are not specifically included among the properties to which the provisions of the Reasonable Rents Act are not applicable (17 L.P.R.A. §§ 184 and 212). In *Pabón* v. *Marrero*, 91 P.R.R. 463, 465 (1964), and in *Carle Santiago* v. *Econ. Stabilization Adm'n*, 91 P.R.R. 63 (1964), we said that by virtue of the amendment made to the Act in question by Act No. 67 of June 19, 1964, the lots are included within the definition of "rental property." In these cases, however, lots situated in urban zones were involved.

In relation to the lots, the purpose of the amendment made to § 4 of the Reasonable Rents Act by Act No. 67 of June 19, 1964, was to include them within the term rental property regardless of the use to which they are to be destined (*Servicio Legislativo* 1964, Vol. 2, pp. 625–626). In addition to this observation nothing more was stated in the legislative report about the nature and scope of the term "rental property" so that it may be inferred that said term did not enlarge the coverage of the Act in question except in connection with the lots without structures. In connection with the properties excluded from the Act, Act No. 67 only had the purpose of adding to the excluded properties, those devoted to the hospital or clinic business, to dwellings with a rent of $200 or more monthly and business and industrial premises, professional offices or offices for social and recreational purposes with a rent of $400 or more monthly. By Act No. 14 of June 10, 1965, rental units used in the retail gasoline business were excluded from the act. In view of the expressed legislative intention in connection with said amend-

ments to the Reasonable Rents Act, our ruling in *Igartúa* v. *Ruiz*, 73 P.R.R. 339, 344 (1952), has not lost efficacy, to the effect that the Act in question is not applicable to the leasing of rural property except that in *Simonet* v. *Igaravídez*, 90 P.R.R. 1, 7 (1964), we said that the dwellings situated on such property are covered by said Act. There is no reason why, in harmony with the rule of *Simonet, supra,* the buildings which are used for businesses or business premises, located in rural property, should not be covered by the Reasonable Rents Act. In both cases, of course, the Act excludes from these properties those whose rent exceeds the maximum amount fixed by the Act.

■ Now then, lots devoted to any purpose are expressly subject to the provisions of the Reasonable Rents Act. But what is understood by the term lot? This term means an area adequate to build on it, situated in an urban zone or in the process of urbanization. Judgments of the Supreme Court of Spain of January 31, 1950 and March 2, 1948; Castán and Calvillo, *Tratado Práctico de Arrendamientos Urbanos* 177–185. There is no doubt that if the lot object of the controversy in this case were situated in an urban zone it would be covered by the Reasonable Rents Act. But then, the rent would be an amount which would approximate the $180 monthly agreed upon since the assessment for tax purposes of said lot could reach the amount of $15,000, so that the rental in such case could be computed in a maximum of 8% of the double of that assessment, that is, in $2,400 yearly, that is, $200 monthly.

■ Precisely because the lawmaker knows that the assessment of urban lots is high that is why he fixed in the Act a fair and reasonable method to determine the rent to be charged for the use of such properties. The fact that that method, when applied to lots in rural properties whose assessment is very low as compared with that of urban properties, is unfair, unreal, and oppressive, shows that the lawmaker

could not have had the intention of including them under the Reasonable Rents Act and that he used the term *lots* in its usual and current concept of an area in the urban zone. If he would have wanted to include them, without any doubt he would have provided a different method but likewise fair and reasonable to determine the rental of the same.

We conclude that the lot in this case is not subject to the provisions of the Reasonable Rents Act and, by virtue thereof the judgment rendered in this case by the Superior Court, San Juan Part, should be reversed and the order of the Director of the Consumers Service Administration rendered on June 19, 1964, which fixed the maximum rent of the lot in the amount of $11.70 set aside, and the rental of $180 agreed upon by the parties should prevail.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Santana Becerra and Mr. Justice Dávila did not participate herein. Mr. Justice Pérez Pimentel concurs in the result.